ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Marlon C Wadlington   State Bar No. 192138
    MWadlington@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendants PASADENA UNIFIED SCHOOL DISTRICT and BRIAN MCDONALD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| SAM DOE by and through his guardian ad litem L.R., DEBORAH DOE by and through her guardian ad litem S.H., TANYA DOE by and through her guardian ad litem F.H., ERIC DOE by and through his guardian ad litem G.B., WALTER DOE by and through his guardian ad litem M.F., EVAN DOE by and through his guardian ad litem C.M.; and on behalf of themselves and other similarly situated students,<br><br>Plaintiffs,<br><br>v.<br><br>PASADENA UNIFIED SCHOOL DISTRICT and BRIAN MCDONALD in his official capacity as Superintendent of Pasadena Unified School District,,<br><br>Defendants. | Case No.   2:16-cv-00984-BRO (GJSx)<br><br>**DEFENDANT PASADENA UNIFIED SCHOOL DISTRICT AND BRIAN MCDONALD'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Full Set of Pleadings:**<br>**Notice of Motion & Motion**<br>**Memorandum of Points and Authorities**<br>**Statement of Uncontroverted Facts and Conclusions of Law**<br>**Declaration of Jerell Hill and Exhibits**<br>**Declaration of Marlon Wadlington and Exhibits**<br>**Proposed Judgment**<br><br>Date: March 13, 2017<br>Time: 1:30 p.m.<br>Judge: Hon. Beverly Reid O'Connell<br>Location: 350 W. 1st Street<br>Los Angeles, CA 90012<br>Courtroom 7C, 7th Floor<br><br>Complaint Filed: February 11, 2016<br>Trial Date:  None |

006237.00006
14856320.2

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants PASADENA UNIFIED SCHOOL DISTRICT AND BRIAN MCDONALD (hereinafter "District") hereby submit the following Statement of Uncontroverted Facts and Conclusions of Law in Support of the District's Motion for Summary Judgment that is filed and served concurrently herewith, for the following enumerated issues:

**ISSUE A: Summary Judgment Should be Granted Because Plaintiffs' Failed to Exhaust Their Administrative Remedies as Required**

| DEFENDANT'S UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Each of the six named Plaintiffs' is eligible to receive special education and related services under the IDEA due to their individual and unique needs related to their disabilities. 20 U.S.C § 1400 et. seq. Similarly, each of the Plaintiffs' are also entitled to protection from disability discrimination under the ADA. 34 C.F.R. §104.3(j). | 1. Declaration of Jerell Hill ("Hill Decl."), ¶ 3. |
| 2. FPA is a small, highly structured special education program that incorporates daily supportive counseling and SAI for students with emotional disturbances and specific learning disabilities within the District. | 2. Hill Decl., ¶ 4 |
| 3. The cornerstones of the program | 3. Hill Decl., ¶ 5 |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| are to ensure that these students are provided with skills in socialization, problem resolution, and behavior necessary to access the academic curriculum so that they can successfully transition to a comprehensive campus within the District or some other less restrictive program. | |
| 4. The students are supported by credentialed teachers, instructional aides, behavior aides, therapists, psychologists, and counselors to address their individual social/emotional, mental health, and behavior needs in a small, therapeutic environment. | 4. Hill Decl., ¶ 6 |
| 5. None of the named Plaintiffs' currently attend Focus Point Academy ("FPA") | 5. Hill Decl., ¶ 18; Exh. 1-3, 5, 7-10. |
| 6. Plaintiff Sam Doe is currently a tenth grade student attending Pasadena High School within the District. | 6. Hill Decl., ¶ 7, Exh. 1, MSJ000001. |
| 7. Sam Doe is eligible to receive special education and related services due to an emotional disturbance ("ED") | 7. Hill Decl., ¶ 7, Exh. 1, MSJ000001. |
| 8. Sam Doe has a history of | 8. Hill Decl., ¶ 8, Exh. 1, MSJ000003. |

- 3 -

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

006237.00006
14856320.2

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| becoming easily distracted by peers, difficulty following instructions and being redirected, he has been observed provoking peers, has a history of poor attendance, and struggles to control his actions around his peers. | |
| 9. The District has identified that Sam has unique needs in the areas of math, reading, writing, and significant social/emotional and behavioral concerns. | 9. Hill Decl., ¶ 8, Exh. 1, MSJ000003. |
| 10. When escalated, Sam requires positive behavior interventions, strategies and supports to use in exchange for disrespectful and inappropriate language, cursing, arguing with staff, interacting with peers, and increasing his school attendance. | 10. Hill Decl., ¶ 9, Exh. 1, MSJ000006. |
| 11. However, Sam no longer wanted to receive special education and related services and has chosen to exit himself from special education. . | 11. Hill Decl., ¶ 10, Exh. 2, MSJ00028-29. |
| 12. Plaintiff Deborah Doe is currently in seventh grade attending McKinley Middle School, not FPA. | 12. Hill Decl., ¶ 11, Exh. 3, MSJ000032. |

- 4 -

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 13. Deborah is eligible to receive special education and related services under the eligibility category of ED. | 13. Hill Decl., ¶ 11, Exh. 3, MSJ000032. |
| 14. In addition to academic challenges in math and reading, Deborah struggles with anxiety, she gets anxious very easily, becomes frustrated when she has difficulty completing a task, has a tendency to leave designated areas without permission, and does not have the skills to effectively utilize coping strategies when upset. | 14. Hill Decl., ¶ 11, Exh. 3, MSJ000032; 35. |
| 15. In order to support her unique needs, the District determined that Deborah requires a small, structured classroom in a therapeutic setting in order to succeed. Therefore, Deborah receives 1460 minutes of specialized academic instruction ("SAI"), she participates in general education physical education ("P.E."), she receives 45 minutes per week of individual counseling, and social work services | 15. Hill Decl., ¶ 11, Exh. 3, MSJ000046-48. |
| 16. Plaintiff, Tanya Doe, filed for due process before the Office of | 16. Hill Decl., ¶ 12, Exh. 4, MSJ000057-80. |

- 5 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| Administrative Hearings ("OAH") on September 15, 2015 alleging the following issues: | |
| 17. At the time of Tanya's filing of the Request for Due Process she was placed at FPA under the IDEA. | 17. Hill Decl., ¶ 12, Exh. 5, MSJ000081-87.¶ |
| 18. On December 15, 2015, the District and Tanya Doe's educational rights holder ("ERH") entered into a settlement agreement resolving the pending due process complaint. | 18. Hill Decl., ¶ 13, Exh. 6, MSJ000088-109.¶ |
| 19. Currently, Tanya Doe is in seventh grade at McKinley middle school. She is also eligible to receive special education and related services due to an ED. | 19. Hill Decl., ¶ 14, Exh. 7, MSJ0000137-138.¶ |
| 20. Tanya has a history of demonstrating inappropriate types of behaviors and feelings, difficulties in interpersonal relationships with peers and adults. | 20. Hill Decl., ¶ 14, Exh. 7, MSJ0000137-138.¶ |
| 21. As a result of Tanya's unique needs, she receives SAI for 1725 minutes per week, individual counseling two times per week for sixty minutes each, individual social work services for 120 | 21. Hill Decl., ¶ 14, Exh. 7, MSJ0000137-138.¶ |

- 6 -

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

006237.00006
14856320.2

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| minutes per month; and counseling and guidance support for 30 minutes per week. | |
| 22. Plaintiff Eric Doe is in seventh grade at Marshall Fundamental School. | 21. Hill Decl., ¶ 15, Exh. 8, MSJ0000173.¶ |
| 23. Eric has a history of engaging in angry outbursts and engaging in at-risk behavior which interferes with his ability to make progress in the general education curriculum. Eric will leave class without permission, does not complete assignments in class or homework, and does not have appropriate peer interactions. | 23. Hill Decl., ¶ 15, Exh. 8, MSJ0000157-160.¶ |
| 24. In order to support Eric's academic and behavioral needs he receives SAI for 1200 minutes per week in a separate classroom at Marshall; individual counseling for 120 minutes per week; parent counseling for 60 minutes per month; and behavior intervention services for 60 minutes per week. | 24. Hill Decl., ¶ 15, Exh. 8, MSJ0000173.¶ |
| 25. Eric also has a behavior support plan to address his behavior of taking | 25. Hill Decl., ¶ 15, Exh. 8, MSJ0000173.¶ |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| items from others without permission and lying. | |
| 26. Plaintiff Walter Doe graduated from Blair High School with a regular high school diploma in June 2016. | 26. Hill Decl., ¶ 16, Exh. 9, MSJ0000197-198.¶ |
| 27. As a result, Walter Doe is no longer attending school within the District, nor is the District obligated to provide Walter with placement, supports, and services under the IDEA or ADA. | 27. Hill Decl., ¶ 16, Exh. 9, MSJ0000197-198.¶ |
| 28. Plaintiff Evan Doe is currently in tenth grade attending Pasadena High School. | 28. Hill Decl., ¶ 17, Exh. 10, MSJ0000210.¶ |
| 29. Evan has a history of inconsistent and serious behavior concerns. He struggles to articulate his feelings, gets easily frustrated in the classroom, and engages in manipulative, lying, and teasing behavior. | 29. Hill Decl., ¶ 17, Exh. 10, MSJ0000209-212.¶ |
| 30. Evan currently receives SAI for 1830 minutes per week, individual counseling for 30 minutes per week, social work services for 80 minutes per month, and parent counseling for 60 minutes per month to support his | 30. Hill Decl., ¶ 17, Exh. 10, MSJ0000210.¶ |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

| **DEFENDANT'S UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| social/emotional and behavior-related needs. | |
| 31. Plaintiff Walter Doe never filed for due process before the Office of Administrative Hearings ("OAH") | 31. Wadlington Decl. ¶ 3, Exh. 11, MSJ0000220, ln. 26-MSJ000221, ln. 1.¶ |
| 32. Plaintiff Sam Doe never filed for due process before the Office of Administrative Hearings ("OAH") | 32. Wadlington Decl. ¶ 4, Exh. 12, MSJ0000230, ln. 25-MSJ000231, ln. 2.¶ |
| 33. Plaintiff Evan Doe never filed for due process before the Office of Administrative Hearings ("OAH") | 33. Wadlington Decl. ¶ 5, Exh. 13, MSJ0000242, lns. 1-6. |
| 34. Plaintiff Eric Doe never filed for due process before the Office of Administrative Hearings ("OAH") | 34. Wadlington Decl. ¶ 6, Exh. 14, MSJ0000253, lns. 2-7. |
| 35. Plaintiff Deborah Doe never filed for due process before the Office of Administrative Hearings ("OAH") | 35. Wadlington Decl. ¶ 7, Exh. 15, MSJ0000261, lns. 1-6. |

## CONCLUSIONS OF LAW

Plaintiffs are required to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA") prior to instituting a civil action under the Americans with Disabilities Act ("ADA").

Exhaustion is required any time the relief requested is available under the IDEA, regardless of what federal statute Plaintiffs claim is being violated. (20

U.S.C. § 1415(*l*).)

In Payne v. Peninsula School District, 653 F.3d 863, 871 (9th Cir. 2011) (overruled on other grounds, Albino, supra, 747 F.3d at 1171), the Ninth Circuit held that "the IDEA's exhaustion provision applies only in cases where the relief sought by a plaintiff in the pleadings is available under the IDEA." The Payne court explained that the exhaustion requirement will apply in three cases: (1) where the plaintiff seeks an IDEA remedy or its functional equivalent; (2) where the plaintiff seeks prospective injunctive relief to alter an IEP or the educational placement of a disabled student; or (3) where a plaintiff is seeking to enforce rights that arise as a result of a denial of a FAPE, whether pled as an IDEA claim or any other claim that relies on the denial of a FAPE to provide the basis for the cause of action. (Id. at 875.)

With respect to a request for injunctive relief, the court stated, "§ 1415(*l*) bars plaintiffs from seeking relief that is available to them under the IDEA, even if the plaintiffs have urged the court to craft the remedy from a different federal statute." (Id.) Regarding a request for damages under Section 504 premised on a denial of FAPE, the Court explained that "[s]uch claims arise under either the IDEA (if the IDEA violation is alleged directly) or its substantive standards (if a § 504 claim is premised on a violation of the IDEA), so the relief follows directly from the IDEA and is therefore 'available under this subchapter.' 20 U.S.C. § 1415(*l*)." (Id.).

Only after such a complaint is resolved at the administrative level is the aggrieved party permitted to file suit. (See, 20 U.S.C. § 1415(i)(2); see also, Payne, supra, 653 F.3d at 871.)

In Hoeft v. Tuscon Unified School District, 967 F.2d 1298, 1303 (9th Cir. 1992), a case where plaintiffs were attempting to establish that they should be allowed to proceed as a class without exhausting administrative remedies under the IDEA, the Ninth Circuit clearly set forth the policies underlying the importance of

- 10 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

006237.00006
14856320.2

the IDEA's administrative procedures and the educational philosophy of the IDEA:

> The exhaustion doctrine embodies the notion that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer" *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 1086, 117 L.Ed.2d291(1992). The IDEA's exhaustion requirement also recognizes the traditionally strong state and local responsibility. The IDEA charges local educational agencies with the responsibility of establishing programs to provide disabled students with a "free appropriate public education." See 20 U.S.C. § 1414(a). At the same time, the states have primary responsibility for ensuring that local educational agencies comply with the requirements of the IDEA. See 20 U.S.C. §§ 1412(6), 1414(b). Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children. See *generally McKart*, 395 U.S. at 193-95, 89 S.Ct. at 1662-63 (discussing policies reflected by exhaustion doctrine). (Id. at 1303.)

The IDEA requires that before a plaintiff files a civil action contemplated by 20 U.S.C. § 1415 (i)(2), which requests relief under the ADA, Section 504, or another federal statute, and that relief is also available under the IDEA, the plaintiff must follow IDEA exhaustion procedures. (See, 20 U.S.C. § 1415(*l*) ("§ 1415(*l*)").) § 1415(*l*) states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

In <u>Hoeft</u>, plaintiffs alleged that the district violated the IDEA by relying on improper eligibility criteria and methodology to determine which students receive

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

006237.00006
14856320.2

extended year programming. In concluding that exhaustion of administrative remedies was required the court held:

> Eligibility criteria and methodology are classic examples of the kind of technical questions of educational policy best resolved with the benefit of agency expertise and a fully developed administrative record. *Cf. Hendrick Hudson Cent. School Dist. Bd. Of Educ. v. Rowley*, 458 U.S. 176, 208, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 16 (1973)). Far from presenting purely legal issues, adjudicating the validity of these policies requires a fact-specific inquiry into their operation in an individual case. (Id. at 1305-06.)

Further, the court determined that exhaustion is required where,

> A dispute over such eligibility criteria policies concerns, in essences, questions about identification and evaluation of individual disabled children, precisely the kind of dispute to which the IDEA's administrative scheme is addressed. See 20 U.S.C. §1415(b)(1)(E). Exhaustion as to these policies is therefore required. (*emphasis added*) (Id. at 1305-06.)

For these reasons, *Hoeft* concluded that "Circumventing [the IDEA] scheme where local policies are challenged undermines the IDEA's enforcement structure. *Id*. at 1307. Moreover, to hold otherwise would render the IDEA's exhaustion requirement meaningless because it could be bypassed merely by styling the challenge as a class action for injunctive relief. *Id*. at 1308-09; see, id. at 1303 ("Federal courts – generalists with no experience in the educational needs of handicapped students – are given the benefit of expert fact finding by a state agency devoted to this very purpose.").

Subsequent to the due process hearing, any party aggrieved by the finding would have a right to appeal to a "court of competent jurisdiction." (20 U.S.C. § 1415 (i)(2).) In a typical appeal of a special education matter after a due process hearing before the OAH, a district court reviews the decision of the hearing officer under a modified de novo standard. (Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471-73 (9th Cir. 1993); Glendale Unified Sch. Dist. v. Almasi, 122 F. Supp. 2d 1093, 1100 (C.D. Cal. 2000).) The Court's decision must be supported by the

- 12 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

preponderance of the evidence. (20 U.S.C. § 1415(i)(2)(C)(iii).)

The preponderance of the evidence standard "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." (Rowley, supra, 458 U.S. at 206.) Rather, the Court must give "due weight" to the administrative proceedings. (Id.; Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891-92 (9th Cir. 1995).) More specifically, the Court "should give substantial weight to the hearing officer's decision if the court finds that the decision was careful, impartial and sensitive to the complexities presented." (Ojai, supra, 4 F3d at 1476.) The Court must consider the findings of the hearing officer carefully and endeavor to respond to the hearing officer's resolution of each material issue. However, the Court is free to accept or reject the findings of the hearing officer as a whole once such consideration is granted. (San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996).)

Ninth Circuit authority clearly states that the proper standard of review is essentially a de novo review of a stipulated record. (Ojai, supra, 4 F.3d at 1472.) Ojai did not rule out the appropriateness of the summary judgment motion in certain instances. (Id. at 1472, n.6.) More importantly, Capistrano indicates that a district court trying the case anew would result in not giving the hearing officer's decision due weight. (Capistrano, 59 F.3d at 892; Amanda J. v. Clark County Sch. Dist., 267 F.3d 877, 887 (9th Cir. 2001) ("complete de novo review is inappropriate").)

In particular, the Ninth Circuit describes the proceeding where the administrative hearing decision is challenged as a "puzzling procedural problem" that arises whenever the district court adjudicates administrative appeals, because the Federal Rules of Civil Procedure do not plainly speak to how such appeals should be handled:

- 13 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

006237.00006
14856320.2

> "It is hard to see what else the district court could do as a practical matter under the statute except read the administrative record, consider the new evidence, and make an independent judgment based on a preponderance of the evidence and giving due weight to the hearing officer's determinations. The district court's independent judgment is not controlled by the hearing officer's recommendations, but neither may it be made without due deference." (Capistrano, supra, 59 F.3d at 892)

Exhaustion is not required if the IDEA's administrative procedures cannot redress the injury. (McCormick v. Waukegan Sch. Dist. #60, 374 F.3d 564 (7th Cir. 2004); Porter v. Board of Trs. Of Manhattan Beach Unified Sch. Dist., 307 F.3d 1064 (9th Cir. 2002) (exhaustion was futile where the parents claimed that the district failed to implement orders issued by an Independent Hearing Officer).) As has already been explained above, exhaustion is required because OAH can provide relief to redress Plaintiffs' alleged injuries in the form of ordering different educational placements and/or the provision of school-based behavioral services. (See, Parents on Behalf of Student v. Los Alamitos Sch. Dist., OAH Case No. 2015050300 (Aug 12, 2015); Capistrano Unified Sch. Dist. v. Parent on Behalf of Student, OAH Case No. 2014030104 (Unexpedited Decision) (Jul 17, 2014); Fairfield-Suisun Unified Sch. Dist. v. Student, OAH Case No. 2007050139 (Oct 9, 2007).)

The United States Department of Education Office of Special Education and Rehabilitative Services ("OSERS"), issued an Advisory Letter Dated August 1, 2016 which specifically discusses school districts' obligations to students under the IDEA and establishes why exhaustion is required under the IDEA in the instant action. (See, U.S. Dept. of Educ., OSERS Dear Colleague Advisory Letter (Aug 1, 2016).) Therefore, any argument that exhaustion is futile should fail.

Exhaustion may be excused in cases where the case involves widespread, systemic violations of the IDEA. (J.G. v. Board of Educ. of Rochester City Sch. Dist., 648 F. Supp. 1452, 1456-58 (2d Cir. 1987).) Here, Plaintiffs have failed to

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

allege any policy and/or practice resulting in systemic and widespread violations to a number of students. Plaintiffs admit that the District does not have a written policy that is discriminatory, however, they believe such a discriminatory pattern and practice exists within the District.

The Ninth Circuit has already determined that students cannot avoid the IDEA's exhaustion requirements simply by dressing up their complaints to read as a challenge to district practice or pattern of behavior, when in reality it is just a dispute over individual services.

The Ninth Circuit has held that where claims involved only one component of the school district's special education program, the claims neither rose to systemic proportions nor required structural relief. (Hoeft, supra, 967 F.2d at 1308.)

A claim is "systemic" if it implicates the integrity or reliability of the IDEA dispute resolution procedures themselves, or requires restructuring the education system itself in order to comply with the dictates of the Act; but that it is not "systemic" if it involves only a substantive claim having to do with limited components of a program, and the administrative process is capable of correcting the problem. (Doe by and Through Brockhuis v. Arizona Dept. of Educ., 111 F.3d 678, 682 (9th Cir. 1997).)

A claim is "systemic" if it implicates the integrity or reliability of the IDEA dispute resolution procedures themselves, or requires restructuring the education system itself in order to comply with the dictates of the Act; but that it is not "systemic" if it involves only a substantive claim having to do with limited components of a program, and the administrative process is capable of correcting the problem. (Doe by and Through Brockhuis v. Arizona Dept. of Educ., 111 F.3d 678, 682 (9th Cir. 1997).)

Structuring a complaint as a challenge to policies, rather than as a challenge to an individualized education program formulated pursuant to these policies,

- 15 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

however, does not suffice to establish entitlement to a waiver of the IDEA's exhaustion requirement. Plaintiffs must demonstrate in addition that the underlying purposes of exhaustion would not be furthered by enforcing the requirement. This they have failed to do. (Hoeft, supra, 967 F.2d at 1304.)

In Association for Community Living v. Romer, 992 F.2d 1040, 1045 (10th Cir. 1993), the court pointed out that plaintiffs in that action had challenged a specific written Department of Education policy:

> In particular, ACL alleged that CDE's policies for extended school year ("ESY") and extended school day ("ESD") services denied children with disabilities individualized education programs tailored to each child's unique needs. (Id. at 1043.)

In ultimately determining that exhaustion was required, that court ruled that:

> There may be cases where the purposes of the exhaustion doctrine would not be furthered by having even one plaintiff exhaust the IDEA's administrative remedies. Even where exhaustion is necessary, the exhaustion of a few representative claims may be sufficient to secure statutory compliance and, if not, would at least serve the purposes of the exhaustion requirement and properly frame the issues for judicial review. (Id. at 1045.)

Dated: January 20, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Marlon C. Wadlington
Marlon C Wadlington
Attorneys for Defendants PASADENA UNIFIED SCHOOL DISTRICT and BRIAN MCDONALD

- 16 -
SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# CERTIFICATE OF SERVICE

Case Name: Sam Doe, et al. v. Pasadena Unified School District

No.: 2:16-cv-00984-BRO (GJSx)

On January 20, 2017, I filed the following document(s) described as **DEFENDANT PASADENA UNIFIED SCHOOL DISTRICT AND BRIAN MCDONALD'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Candis Watson Bowles<br>Melinda Bird<br>DISABILITY RIGHTS CALIFORNIA<br>350 South Bixel Street, Suite 290<br>Los Angeles, CA 90017<br>(213) 213-8000<br>Fax: (213) 213-8001 | Attorneys for Plaintiffs |
| Robert S. Stern, Maya L. Ingram<br>Tritia M. Murata, Maya Harel<br>Kelsey M. Stricker<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los angles, CA 90017-3543<br>(213) 892-5200<br>Fax (213) 892-5454 | Attorneys for Plaintiffs |

☑ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

Executed on January 20, 2017, at Cerritos, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Marlon C Wadlington
Marlon C Wadlington

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

006237.00006
14856320.2