CANDIS WATSON BOWLES (CA SBN 198860)
Candis.Bowles@disabilityrightsca.org
MELINDA BIRD (CA SBN 102236)
Melinda.Bird@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone: 213.213.8000
Facsimile:  213.213.8001

Attorneys for Plaintiffs
*(Additional Counsel Listed on Next Page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAM DOE by and through his *guardian ad litem* L.R., DEBORAH DOE by and through her *guardian ad litem* S.H, TANYA DOE by and through her *guardian ad litem* F.H., ERIC DOE by and through his *guardian ad litem* G.B., WALTER DOE by and through his *guardian ad litem* M.F., EVAN DOE by and through his *guardian ad litem* C.M.; and on behalf of themselves and other similarly situated students,<br><br>Plaintiffs,<br><br>v.<br><br>PASADENA UNIFIED SCHOOL DISTRICT and BRIAN MCDONALD in his official capacity as Superintendent of Pasadena Unified School District,<br><br>Defendants. | 2:16-CV-00984-VAP-GJSx<br><br>PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Judge: Hon. Gail J. Standish<br><br>Complaint: Filed February 11, 2016 |

TRITIA M. MURATA (CA SBN 234344)
TMurata@mofo.com
MAYA HAREL (CA SBN 291990)
MHarel@mofo.com
KELSEY M. STRICKER (CA SBN 300955)
KStricker@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile:   213.892.5454

IRA A. BURNIM, admitted *Pro Hac Vice*
LEWIS BOSSING (CA SBN 227492)
JUDGE DAVID L. BAZELON CENTER FOR MENTAL HEALTH LAW
1101 15th Street NW, Suite 1212
Washington, DC 20005
Telephone:   202.467.5730
Facsimile:   202.223.0409

JAMES PREIS (CA SBN 82690)
NISHANTHI KURUKULASURIYA, (CA SBN 302701)
MENTAL HEALTH ADVOCACY SERVICES, INC.
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone:   213.389.2077
Facsimile:   213.389.2595

Plaintiffs' Notice & Motion for Approval of Minor's Compromise

## NOTICE OF MOTION AND MOTION

Please take notice that on XXX, 2019,[1] at 9:00am or as soon thereafter as the matter may be heard by the Honorable Gail J. Standish in the United States District Court for the Central District of California in Courtroom 640 of the Roybal Courthouse in Los Angeles, California, Plaintiffs, by and through their respective *guardian ad litem*, will, and hereby do, move this Court to approve a minor's compromise on the basis that a final settlement among the parties after extensive negotiations is fair, reasonable, and in their best interest. Plaintiffs request approval pursuant to F.R.C.P, 17, Central District Local Rules 17-1.2 and 17-1.3, California Code of Civil Procedure § 372, and California Rule of Court 3.1384. This Motion follows a conference of counsel pursuant to Local Rule 7-3. Declaration of Candis Bowles ("Bowles Decl.), ¶ 3.  Defendants have represented that they do not oppose this motion.  *Id.*

Plaintiff Evan Doe requests that his individual share of the proceeds of the settlement be paid or delivered into a California Uniform Transfers to Minors Act account.  Plaintiff Evan Doe further requests that the Court appoint his mother and *guardian ad litem,* Crystal McEwen., as custodian for the funds in the California Uniform Transfers to Minors Act account with the instruction that the funds be used for Evan Doe's care and benefit only.

Plaintiffs Tanya Doe, Deborah Doe, and Eric Doe are in foster care and currently under the care and supervision of the Los Angeles County Juvenile Dependency Court. These Plaintiffs, by and through their *guardian ad litem,* Fiona Harwich, Sherrie Howard and Gloria Brewster respectively, request that their individual shares of the proceeds of the settlement be delivered to blocked accounts opened in their names without bond or creation of trust, with the provision that each of these Plaintiffs will be able to access the blocked account upon the age of majority or 18 years old.

This motion is based upon this notice, the accompanying memorandum of points

---

[1] Plaintiff separately requests that the Court advance the hearing on this motion.

and authorities, the declaration of Plaintiffs' counsel Candis Bowles, and the declarations of Plaintiffs' respective *guardian ad litem* Crystal McEwen, Fiona Harwich, Sherrie Howard and Gloria Brewster.

Dated: August 15, 2019                    Disability Rights California, attorneys for
                                          Plaintiffs Sam Doe et al.,


                                          By: /s/ _____
                                                Candis Watson Bowles

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MINORS COMPROMISE

## I.    Introduction

This case was filed by six students on behalf of a putative class of students with behavioral and mental health disabilities attending schools in Pasadena Unified School District ("PUSD or Pasadena USD").  The Plaintiffs alleged that Defendant PUSD failed to provide needed supports and services to the named Plaintiffs and other similarly situated students and instead, referred them to a separate school called Focus Point Academy.  The Plaintiffs alleged that, as a result, they were subjected to disability-based discrimination and denied equal educational opportunities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and California Government Code § 11135.  Defendants denied these allegations.

The parties have now reached a settlement that offers comprehensive injunctive relief for PUSD students with behavioral and mental health disabilities, including the named Plaintiffs.  Defendants have agreed to retain a neutral expert, who is a well-known national expert on the education, inclusion and support of students with disabilities.  The neutral expert will assess the school district's programs and develop a strategic plan and recommendations to provide support to students with behavioral and mental health needs in the least restrictive setting, and will monitor compliance for five years.  The School district will fund the entire cost of the Neutral Expert's assessment, development of a strategic plan and subsequent monitoring.

The settlement also provides for an incentive payment of $51,000 for the six individual Plaintiffs in recognition of the time and burden of serving as class representatives. The incentive payment will be divided equally among the six so that each named Plaintiff receives $8,500.[2]  Finally, the settlement resolves Plaintiffs' claim for statutory attorneys' fees.  Although Plaintiffs' counsel incurred a lodestar of over $2

---

[2] Two named Plaintiffs, Sam Doe and Walter Doe, are over age 18 and do not require a minors' compromise.

million in attorneys' fees, they accepted fees of $425,000, a reduction of more than 75%.

Accordingly, Plaintiffs request this Court's approval of the settlement and issuance of an Order Re: Minors' Compromise pursuant to Rule 17 of the Federal Rules of Civil Procedure, Central District Local Rules 17-1.2 and 17-1.3, California Code of Civil Procedure § 372, and California Rule of Court 3.1384, as follows:

- Plaintiff Evan Doe, by and through his parent and *guardian ad litem* Crystal McEwen, request an order that his share of the settlement proceeds, which is a sum of eight thousand five hundred dollars ($8500) each, be placed in a California Uniform Transfers to Minors Act (CUTMA) account with his parent as custodian.

- Plaintiffs Tanya Doe, Deborah Doe and Evan Doe are in foster care.  By and through their *guardian ad litem* Fiona Harwich, Sherrie Howard and Gloria Brewster respectively, these Plaintiffs request orders that their individual share of the settlement proceeds, which is a sum of eight thousand five hundred dollars ($8500) each, be deposited in a blocked account that will become available when these Plaintiffs turn eighteen years old.

**II.    Legal Standard**

Rule 17(c) provides, in relevant part, that a district court "must appoint a *guardian ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c). This in turn imposes on the district courts "a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Regarding a proposed settlement, a district court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181. However, this inquiry is narrow and the Ninth Circuit has warned "district courts [to] limit the scope of their review to the question whether the net amount distributed to each minor Plaintiff in the settlement is fair and reasonable, in light of the facts of the case,

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d 1181 - 82.

In addition, C.D. Cal. L.R. 17-1.3 requires that settlements for minors comport with California Code of Civil Procedure § 372 and California Rule of Court 3.1384. Among other requirements, these provisions require disclosure by the attorney for the minor of any interest in the amount to be paid to the minor and of any medical costs incurred.

**III.    The Proposed Settlement Is Reasonable and Serves the Best Interest of the Minors**

**A.    The Settlement Provides Significant Injunctive Relief to the Named Plaintiffs and Other PUSD Students with Disabilities.**

This lawsuit was filed to obtain injunctive relief for the named Plaintiffs and others similarly situated. Bowles Decl. ¶ 10; Declaration of Fiona Harwich ("Harwich Decl.") ¶ 3; Declaration of Sherrie Howard ("Howard Decl. ") ¶ 3; Declaration of  Gloria Brewster ("Brewster Decl.") ¶ 3; Declaration of  Crystal McEwen ("McEwen Decl.") ¶3.  No claim for damages was ever raised. Id.  From the inception of this litigation, each *guardian ad litem*, identified systemic relief for students at Focus Point Academy as the important goal for the litigation.  There was never a promise of financial benefit. Id. The parents and guardians were concerned at how the students were treated at Focus Point.  Id. Securing relief that allows equal educational opportunity for Plaintiffs and similarly situated students with behavior related disabilities was paramount.  Id.

The settlement provides the systemic injunctive relief that the families and guardians of the Plaintiffs sought.  Pasadena USD has agreed to retain a special education inclusion expert to perform a 6-month evaluation of the district's efforts to include and serve students with behavioral and mental health needs in general education campuses.  Bowles Decl.  ¶ 11; Exh. A – Settlement Agreement ("Agreement"), section 2.1 (a)-(j).  This neutral expert will have broad access to data, policies, school staff and administrators to evaluate the district's current resources for these students and make

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

recommendations for improvement.  Id.  Based on the evaluation, the district, the inclusion expert and Plaintiffs' counsel will work collaboratively to develop a strategic plan that will include benchmarks and measurable outcomes.  Id. The Neutral Expert will monitor implementation of the strategic plan for a period of 5 years.  Id. Agreement section 2.1 (h).  This Court will retain jurisdiction of the matter to ensure compliance with the agreement and implementation of reforms.  Id., Agreement section 2.3 (i).  The value of the expert contract is $200,000.  Bowles Decl. ¶ 12. The Neutral Experts' recommendations will provide a road map for sustained reform for the school district in its treatment of students with disabilities such as the Plaintiffs.  Id.

The fact that the settlement provides for dismissal of the action without certification of a class does not diminish the robust nature of the prospective injunctive relief.  The settlement provides that this Court will have jurisdiction for five years in the future.  Bowles Decl. ¶ 13, Agreement, section 2.1 (h); 2.3(i).  The District has agreed to pay a significant sum to the Neutral Expert to monitor its compliance during this period, to meet regularly with the parties and to prepare annual monitoring reports. Bowles Decl. ¶ 13.  Plaintiffs' counsel are public interest and pro bono law firms with a long-term commitment to this issue, these students and this District.  Id. The settlement includes a dispute resolution mechanism for them to seek further relief if the District fails to comply with the Strategic Plan and benchmarks.  Id., Agreement section 2.4.

The named Plaintiffs will also benefit from individual injunctive relief intended to help them personally.  The Neutral Expert's assessment will expressly consider the "[i]nclusion of named Plaintiffs" in general education classrooms.  Agreement, section 2.1(a)5.  As part of her recommendations, the Neutral Expert will  "consult[] with the District's staff regarding the placements of each named Plaintiff while in PUSD, and how the ultimate recommendations of the Neutral Expert could support inclusion of these students and can support inclusion of similarly situated students in general education classrooms at the District's comprehensive campuses." Agreement, section 2.1(e)6.

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

**B.**     **The Settlement Provides Reasonable Incentive Payments to the Named Plaintiffs.**

In addition to injunctive relief, the settlement offers a reasonable "incentive award" to the named Plaintiffs in recognition of the expense and emotional toll of serving as representatives for the putative class.  "Courts routinely approve incentive awards to compensate named Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001), quoting *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997).

The incentive awards are not disproportionate in light of the overall settlement. Compare, *Staton v. Boeing Co.,* 327 F.3d 938, 975-78 (9th Cir. 2003) (rejecting proposed settlement that provided significantly disproportionate incentive award to representative Plaintiffs).  The incentive award provided here is reasonable in light of other similar cases. See, e.g., *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (class action settlement included $2000 incentive awards to five named Plaintiffs); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cit. 2000) (approving incentive awards of $5000 to each of the two class representatives);  *In re Cont'l Sec. Litig.*, 962 F.2d 566, 571 (7th Cit. 1992) (incentive fees to compensate named Plaintiffs for the risks they take and their vanguard role in the class action); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 535 (E.D. Pa. 1990) (approving $5000 awards for nine named class representatives).  Finally, the proposed incentive awards will be help the named Plaintiffs secure educational supports such as computers, tablets, independent living needs or educational therapy to assist with remediation of academic skills and transition to adulthood.

**C.**     **The Settlement, Including The Provision For Statutory Attorneys' Fees, Is Reasonable And Was Negotiated By Experienced Counsel After Arms' Length Negotiations.**

Plaintiff is represented in this matter by Disability Rights California. Counsel

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

have represented Plaintiffs for the duration of the litigation. Bowles Decl., ¶¶ 27, 28; Harwich Decl., ¶¶4, 5; Howard Decl., ¶¶ 4, 5; Brewster Decl., ¶¶ 4, 5; McEwen Decl., ¶¶ 4, 5.  Plaintiffs' counsel in this matter executed a joint retainer agreement with each *guardian ad litem* on behalf of each named plaintiff, respectively.  Id.  The retainer agreement makes clear that we will not charge plaintiff any attorneys' fees, and instead will seek fees from defendants in any case or claim. Thus, counsel's fees in this case are entirely contingent on payment from the defendants. Id.

To the extent it is necessary to address attorneys' fees, both civil rights fee shifting standards and California law inform the Court's analysis. *See Mitchell v. Riverstone*, 2013 WL 1680641 (E.D. Cal. 2013) (continuing to use state law factors after *Robidoux* in diversity case with state law claims); L.R. 17-1.3 (settlements should comply with state law "[i]nsofar as practicable"); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2001) (a prevailing Plaintiff should "ordinarily" recover fees unless such an order would be "unjust")(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Plaintiffs have been represented by lead counsel, Disability Rights California and co-counsel from Judge David L. Bazelon Center for Mental Health Law (Bazelon Center), Mental Health Advocacy Services (MHAS), and Morrison Foerster LLP. Bowles Decl. ¶ 27.  As lead counsel, Disability Rights California was responsible for maintaining a master file of the litigation or structured negotiations; maintaining a calendaring system of all dates related to the litigation or structured negotiations; ensuring that all filings and other actions occur in a timely fashion; developing or overseeing the development of a discovery plan and its implementation; communication with the clients in the case, and to that end, to consult regularly with the clients and to notify them and all co-counsel about all significant developments in the case. Id. @ ¶ 29.  As co-counsel MHAS, Bazelon Center and Morrison Foerster LLP were responsible for drafting the complaint and pleadings seeking injunctive and/or declaratory relief; retaining experts and overseeing their work; evaluating complainants

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

or Plaintiffs; assisting with researching and drafting briefs, pleadings, and other documents; assisting with discovery planning and drafting of discovery documents; participating in settlement agreement negotiations; and drafting settlement agreement provisions. Id. @ ¶ 30.

Under the settlement Pasadena USD will pay Plaintiffs' counsel a lump sum of $425,000 in full, final and complete settlement of all claims by the Plaintiffs or their attorneys for attorneys' fees and litigation costs up to and including the date of the settlement.  Id. @ ¶ 33.  It will be the sole obligation of the Plaintiffs and their counsel to allocate and apportion that sum between attorneys' fees and litigation costs as they see fit.  Id. The attorneys' fees payments will be due and owing to the Plaintiffs and their counsel in five equal payments over a period of five years from the date upon which the Agreement is formally approved by the Court. Id.

Plaintiffs' counsel took a tremendous reduction in fees to reach a settlement for the Plaintiffs as well as students in the school district and to alleviate the demands on a public agency with limited financial resources.   Id. @ ¶ 34. Between January 1, 2015 and May 31, 2018 counsel have spent 4502 hours investigating and litigating this matter.  Id. The lodestar for Plaintiffs' fees and costs was $2,835,612.  Because the matter was litigated as a class action, the pre-filing investigation included interviews and record reviews of dozens of Pasadena USD students, stakeholder interviews, parent interviews, expert witness site visits and school tours.  After filing the complaint in February 2016, the parties spent a year litigating a summary judgement motions, and discovery disputes over production of putative class member records.  The parties spent another year attempting to settle the case through mediation.  Id.

In addition to the fees and costs represented in this lodestar, Plaintiffs' counsel spent large sums to retain their own national experts to prepare for class certification and trial.  Plaintiffs' experts traveled to California from out of state on multiple occasions to assess the named Plaintiffs and other students, conduct site inspections at Focus Point and other PUSD schools, and participate in several days of mediation with

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

Defendants in 2017; the experts also prepared reports and reviewed records.  Id. @ ¶ 35

Finally, Plaintiffs' counsel took care to secure agreement on the extensive injunctive relief for Plaintiffs and other PUSD students before agreeing to negotiate attorneys' fees, to avoid even the slightest appearance of conflict with the interests of the students.  Id. @ ¶ 36. Plaintiffs' counsel then agreed to a reduction of more than 75% below their lodestar fees and costs because of the breadth and depth of the settlement agreement and its importance to the Plaintiffs and other students. Id. The settlement, including the provision for statutory attorneys' fees, is reasonable.  Id.

### D.    Disposition of the Proceeds of the Settlement

This Court has discretion to order Plaintiffs' portion of the settlement be held on such conditions as are in the best interest of Plaintiffs. L.R. 17-1.3; Cal. Prob. Code § 3611(f); *and see* Fed R. Civ. Proc 17. Here, there is no guardianship or conservatorship over the Plaintiffs.  Plaintiffs have been represented by respective court-appointed *guardian ad litem* in this proceeding.  As such, there is no need for settlement proceeds to be placed in a special needs trust or other trust instrument. *See* Cal. Prob. Code § 3611.

Courts routinely allow minors' parents to maintain control of settlements. *See*, *e.g.*, *Demoura v. Ford*, No. CV-01344-LJO, 2012 WL 4815523 at *4 (E.D. Cal. Oct. 9, 2012 Order Approving Minor's Compromise) (allowing the settlement amount to be placed into CUTMA trust with the minor's grandmother and caretaker as custodian of the account); *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C11-03108 LB, 2012 WL 1595046, at *2 (N.D. Cal. May 4, 2012 Order Approving Minor's Compromise) (allowing the settlement amount to be held in a bank account in trust for minor by his mother to be used for minor's care); *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-CV-04358-JST, 2015 WL 7454184, at *2 (N.D. Cal. Nov. 23, 2015 Order Approving Minor's Compromise) (allowing the minor's settlement payment to be placed in brokerage trust account with parents serving as co-trustees); and *C.S. v. Public Safety Academy of San Bernardino, et al.*, Case No. Case No. EDCV-14-00941-RGK (DTBx)

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

(C.D. Cal. May 4, 2015 Order Approving Minor's Compromise) (approving payment of $40,000 to CUTMA).

Although Plaintiffs did not seek damages as relief, as part of the settlement Defendant has agreed to pay named Plaintiffs a lump sum of $51,000 to be divided equally among them. Bowles Decl. ¶ 14.   Plaintiff Evan Doe, by and through his *guardian ad litem* Crystal McEwen, are requesting that his share of the $51,000 award be deposited in a California Uniform Transfers to Minor Account (CUTMA).  Bowles Decl. ¶ 15, McEwen Decl. ¶¶ 8, 10.   A CUTMA account functions much like a trust account in which the custodian functions like a trustee. Id.    Plaintiff Evan Doe requests that Ms. McEwen be named as custodian of the account for Evan Doe. Id.

Tanya Doe, Deborah Doe and Eric Doe are in the foster care system; they and their *guardians ad litem* ask that their respective shares of the award to be deposited in blocked bank accounts that each Plaintiff can access directly when he or she turns eighteen. Bowles Decl. ¶¶ 17 -22; Harwich Decl. ¶¶ 8, 10; Howard Decl. ¶¶ 8, 10; Brewster Decl. ¶¶ 8, 10. The blocked account will preserve the award for Plaintiffs to use in their discretion once they reach the age of majority. Id.[3]

Plaintiff's counsel believe that this is a fair settlement for Plaintiffs and join in their request based on their own experience and review of settlements and orders in similar cases.  Bowles Decl. ¶ 30; Harwich Decl. ¶ 12; Howard Decl. ¶ 12;  Brewster Decl. ¶ 12; McEwen Decl. ¶ 12.  Defendant has not agreed to pay money to any person or entity other than Plaintiffs through their attorneys, as described above, to settle claims arising out of the allegations described in the complaint.  Bowles Decl. ¶ 39. Plaintiffs do not have medical expenses to be reimbursed from the proceeds of the settlement. *Id*.

The proposed distribution of what will amount to $8,500.00 for each Plaintiff is

---

[3] The California Judicial Council has developed a model form that state courts use when ordering funds delivered to a blocked account: http://www.courts.ca.gov/documents/mc355.pdf (last checked Feb. 12, 2019). In the proposed order filed with this motion, counsel used the language from option b on that form.

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise

reasonable. For Plaintiffs who will have access to the money immediately, it will help with accessing additional supports needed as they continue their education in the district such as with technology, educational therapy and/or other financial support.  For Plaintiffs who will receive the award at eighteen years old, the award provides a decent nest egg for beginning their lives as independent adults.  The money can be used for such necessities as a computer, a down payment on an apartment, food and lodging.

**IV.    Conclusion**

Plaintiffs respectfully request that the Court approve their minor's compromise in this case. The settlement meets all federal and state requirements, it is in the best interest of the minors, and was negotiated by experienced counsel at arm's length. The proposed distribution provides significant relief to Plaintiffs, especially in light of the risks of going to trial.


Dated: August 15, 2019

/s/
Candis Watson Bowles

Plaintiffs' Memo Of Points And Authorities ISO Motion For Minors Compromise